UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Honorable Howard R. Tallman

In re:                                    )
                                          )
**HOFFMAN VACATION RENTALS,**   ) Case No. 13-13579 HRT
**LLC,**                                  )
                                          ) Chapter 11
**Debtor.**                               )
                                          )

## ORDER DENYING EXTENSION TO PLAN CONFIRMATION DEADLINE

**THIS MATTER** is before the Court on *Debtor's Second Motion to Extend Small Business Plan Confirmation Deadline Pursuant to 11 U. S.C.§ 1121(e)(3)* (docket #134) ("Motion"). The Court has considered the Objection (docket #135) filed by V.R. Commercial Ventures.

Under 11 U.S.C. § 1129(e) a small business debtor is required to confirm its reorganization plan within 45 days following the filing of its plan unless the time for confirmation is extended by the court. In seeking such an extension, a Debtor must provide notice to interested parties and the Court must enter the order prior to the extension of the deadline. 11 U.S.C. §§ 1121(e)(3)(A) & (C).

The confirmation deadline had previously been extended to April 7, 2014. On April 7, 2014, at 4:58 p.m. the Court received the electronically filed Motion. The Objecting creditor would have received electronic notice of the Motion shortly thereafter.

The Court cannot find that Debtor gave effective notice of its Motion to interested parties. Given the fact that the Motion was filed two minutes prior to the Court's close of business on the date the deadline expired, the filing of the Motion was not calculated to afford the interested parties an opportunity to review the Motion and respond prior to the Court's deadline for entry of an order. Nor was the filing reasonably calculated to allow the Motion to come to the Court's attention in time to comply with the requirement in 11 U.S.C. § 1121(e)(3)(C) that the order extending the deadline be entered prior to expiration of the existing deadline.

The Debtor requested that "the Court enter the order extending the Confirmation Deadline on a *nunc pro tunc* basis." (Motion, ¶14). But, even if there were no objection to the requested extension, an order signed after-the-fact and made *nunc pro tunc* to April 7, 2014, would be ineffective where, as here, the statute states that a court must *sign* the extension order prior to expiration of the deadline.

In *Missouri v. Jenkins*, 495 U.S. 33 (1990), the Eight Circuit had entered an order *nunc pro tunc* for the purpose of clarifying a prior order. The Supreme Court found that to be a proper

ORDER DENYING EXTENSION TO PLAN CONFIRMATION DEADLINE
Case No. 13-13579 HRT

use of an order with retroactive *nunc pro tunc* effect. In so finding, however, the Supreme Court prefaced its discussion with the comment that "[t]he Court of Appeals of course cannot make the record what it is not." *Id.* at 49. In the face of § 1121(e)(3)(C)'s explicit command that the Court must *sign* its extension order prior to the expiration date, entry of an order *nunc pro tunc* would most certainly be an effort to represent the record as something it is not. The Motion was filed at a time such that it was certain the Court could not comply with § 1121(e)(3)(C)'s mandate to act prior to the expiration of the extended confirmation deadline.

In *Newmont U.S.A. Ltd. v. Insurance Co. of North America*, 615 F.3d 1268 (10th Cir. 2010), the Tenth Circuit interpreted a federal statute, 28 U.S.C. § 1961, that provides post-judgment interest begins to accrue on the date that judgment is entered under FED. R. CIV. P. 58. The district court had entered its judgment *nunc pro tunc* to a prior date. The Tenth Circuit reversed as to that issue. It held that the district court's *nunc pro tunc* entry was ineffective to begin the accrual of post-judgment interest on a date that was earlier than the actual date the court acted to enter its judgment. *Id.* at 1277.

The entry of an order *nunc pro tunc* has the effect of giving the order retroactive effect. Where there is an independent basis for retroactive effect, the case might be different. There is no basis for giving retroactive effect to an order that is signed by the Court after the time that § 1121(e)(3)(C) says it must be signed in order to comply with the statute.

Therefore, it is

**ORDERED** that Debtor's *Second Motion to Extend Small Business Plan Confirmation Deadline Pursuant to 11 U. S.C.§ 1121(e)(3)* (docket #134) is DENIED.

Dated this __10th__ day of April, 2014.

BY THE COURT:

Howard R. Tallman, Chief Judge
United States Bankruptcy Court

Page 2 of 2